Entered on Docket
October 25, 2012
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes
the order of the court. Signed October 25, 2012

_____
**M. Elaine Hammond**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 12-43639 MEH |
| ZILEHUMA ELAHI | Chapter 13 |
| _____ Debtor/ | |

MEMORANDUM DECISION RE TRUSTEE'S OBJECTION
TO CONFIRMATION OF CHAPTER 13 PLAN

On August 28, 2012 the court held a continued hearing on debtor Zilehuma Elahi's ("Debtor") plan confirmation. At the hearing the court took the chapter 13 trustee's ("Trustee") objection to confirmation under advisement. For the reasons set forth below, the court finds that the Trustee's objection is overruled and Debtors' plan may be confirmed.

**Jurisdiction**

This court has subject matter jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), (L).

**Background**

Debtor filed a chapter 7 case on July 26, 2010; case no. 10-48428. The court entered the discharge order in that case on December 17, 2010.

1

Debtor filed this chapter 13 case on April 26, 2012. Debtor filed a motion to value lien of Chase Bank USA, N.A. ("Creditor") on their primary residence on May 23, 2012 and included in their plan that Creditor would be treated as general unsecured creditor. The trustee objected to confirmation on May 31, 2012 on the basis that Debtor's plan cannot be confirmed because Debtor, not being entitled to a discharge pursuant to Bankruptcy Code § 1328(f),[1] cannot strip the lien without a discharge.

The court issued an order on June 27, 2012 valuing the junior lien of Creditor at zero.

**Discussion**

The sole issue presented to the court by the Trustee's objection is whether Debtor is entitled to value the junior lien on the residence since they are not eligible to receive a discharge in this case.

For the reasons set forth in In re Tran, 431 B.R. 230 (Bankr. N.D. Cal. 2010) and further discussed in the Memorandum Decision issued October 15, 2012 in In re North, case no. 11-72843 (docket no. 32), the court overrules the Trustee's objection.

Good faith is always a consideration in confirmation of a chapter 13 plan and the court has an independent duty to review a chapter 13 plan to ensure it complies with the Bankruptcy Code. United Student Aid Funds v. Espinosa, 130 S. Ct. 1367 (2010). The court may not confirm a plan without finding that the plan has been "proposed in good faith and not by any means forbidden by law." § 1325(a)(3). The court is guided here by In re Warren, 89 B.R. 87, 93-95 (9th Cir. BAP 1988) (court should not confirm plans that are in essence veiled chapter 7 cases; listing good faith factors), and In re Goeb. 675 F.2d 1386, 1390 (9th Cir. 1982) (court must inquire whether debtor has misrepresented facts in plan, unfairly manipulated the Bankruptcy Code, or otherwise proposed plan in an inequitable manner; though court may consider substantiality of proposed repayment, it must make good-faith determination in light of all militating factors).

In the case at hand, there is no indication that Debtor is acting unfairly or inequitably. Debtor filed this case, and proposes the plan, seeking to address a number of issues that are properly resolved in a chapter 13

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* and all Rule references are to the Federal Rules of Bankruptcy Procedure.

2

case. These include seeking to cure approximately $106,000 in mortgage arrears, plus approximately $11,000 in priority taxes. Debtor is also seeking to address a student loan debt that was incurred by Debtor, for which non-debtor's wages are being garnished.

Debtor's plan provides for payments of $300 for 60 months and a *pro tanto* distribution to unsecured creditors. Debtor is devoting the monthly disposable income to the plan payments.

On these facts, the court finds no basis to question Debtors' good faith or their need for reorganization under chapter 13.

**Conclusion**

Debtor's motion to value Creditor's junior lien is permissible. The lien stripping will be permanent upon completion of the plan. The Trustee's objection to confirmation is overruled.

The court now requests Trustee submit an order conforming to this memorandum decision.

*** END OF MEMORANDUM DECISION***

COURT SERVICE LIST

All Recipients